UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, | Case No. 6:21-cv-01754-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| LUKEUS WEST, an individual; KELSEY BEABER, an individual; HOLLY BEABER-CARPENTER, as guardian ad litem for A.A.; and CAR CARE SPECIALISTS, INC., an Oregon corporation, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Mid-Century Insurance Company brings this cause of action against Defendants Lukeus West, Kelsey Beaber, Holly Beaber-Carpenter, and Car Care Specialists, Inc. Compl., ECF No. 1. Plaintiff moves for approval of alternative service on Defendant Lukeus West. Pl.'s Mot. Alt. Serv. 2, ECF No. 28 ("Pl.'s Mot.").

Page 1 — OPINION AND ORDER

## LEGAL STANDARD

Without proper service, a court cannot exercise jurisdiction over a defendant. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4."). Federal Rule of Civil Procedure 4(e) authorizes four methods of service on an individual:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under state law, the Oregon Rules of Civil Procedure ("ORCP") provide that:

> Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend . . . Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at a person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or service by publication.

ORCP 7(D)(1).

Under ORCP 7(D)(4), "[i]n any action arising out of any accident, collision, or other event giving rise to liability in which a motor vehicle may be involved" a plaintiff may serve a defendant by mail at "[(A)] any residence address provided by that defendant at the scene of the accident; [(B)] the current residence address, if any, of that defendant shown in the driver records of the Department of Transportation; and [(C)] any other address of that defendant known to the plaintiff at the time of making the mailings required by [subsections (A) or (B)] of this rule that reasonably might result in actual notice to that defendant." ORCP 7(D)(4)(a)(i).

## DISCUSSION

Defendant Lukeus West is an individual subject to Fed. R. Civ. P. 4(e). Plaintiff moves for a court order allowing alternative service on Defendant West through his attorney, James Rich, who represents Defendant West in two related state court lawsuits arising out of the same incident. Pl.'s Mot. 2, ECF No. 28. Alternatively, Plaintiff moves for a court order pursuant to ORCP 7(D)(4) allowing service by mail at Defendant West's last known address on file with the Oregon Department of Motor Vehicles as well as the Defendant West's address at the time of the accident. Pl.'s Reply 2–3, ECF No. 30.

Here, Plaintiff submits that service by first class mail has been attempted at four different mailing addresses pursuant to Fed. R. Civ. P. 4(d). Decl. of Jay W. Beattie ¶¶ 8–9, ECF No. 29 ("Beattie Decl."). All attempted mailings received no response and were returned as undeliverable. *Id.* Plaintiff further represents that Defendant West was insured under an auto insurance policy at the time of the accident, and Defendant West's auto insurance company appointed James Rich to represent him in the state court proceedings arising out of the same

accident. Beattie Decl. ¶ 11. For these reasons, Plaintiff requests approval of alternative service methods. Pl.'s Mot. 2, ECF No. 28; Pl.'s Reply 2–3, ECF No. 30.

The Court finds that the proposed methods are reasonably calculated to apprise Defendant West of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Plaintiff shall serve Defendant by all three proposed methods. In doing so, Plaintiff will comport with the ORCP and fulfill the requirements of FRCP 4(e)(1).

## CONCLUSION

For the above reasons, Plaintiff's motion for alternative service (ECF No. 28) is GRANTED. Plaintiff shall serve Defendant Lukeus West though his attorney, James Rich, as well as by mail at Defendant West's last known address on file with the Oregon Department of Motor Vehicles and Defendant West's known address at the time of the accident.

DATED this 14th day of July 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge