IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MID-CENTURY INSURANCE COMPANY**,

       Plaintiff,

v.

**LUKEUS WEST, an individual; KELSEY BEABER, an individual; HOLLY BEABER-CARPENTER, an individual; and CAR CARE SPECIALISTS, INC., an Oregon corporation,**

       Defendants.

Civ. No. 6:21-cv-1754-MK

ORDER

MCSHANE, Judge:

       Magistrate Judge Mustafa Kasubhai filed a Findings and Recommendation (ECF No. 71) and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiff filed objections. Accordingly, the Court reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). As discussed below, the Court declines to adopt the Recommendation to grant Defendants' Motion for Summary Judgment (ECF No. 37).

       As noted in the F&R, there are no disputed facts. The parties agree that the policy here violates Oregon's financial responsibility laws (FRL) under *Safeco Ins. Co. of Am. v. Am. Hardware Mut. Ins. Co*, 169 Or. App. 405 (2000), because the automobile insurance policy at issue excludes coverage for certain permissive users who have their own automobile liability insurance.

1 –ORDER

The only dispute is a legal one: whether to "reform" the policy to conform with Oregon's FRL or, as Defendants argue (and the F&R recommends), to instead remove the unenforceable provision in its entirety. The F&R distinguished *Safeco*:

> The Court first addresses Plaintiff's threshold argument that *Safeco* requires courts to insert the FRL limits into the policy. Plaintiff reads *Safeco* too broadly. Nowhere in the decision did the court address the issue of the amount of coverage limits. Rather, *Safeco* remanded to the trial court to address "the issue of how responsibility between the parties should be allocated," stating that there were questions of law—specifically the applicability of case law regarding contribution claims and apportionment of damages—and that there also appeared to be "issues of fact that could affect the amount of contribution or indemnity, if any, that could be ordered by the trial Court . . . ." 169 Or. App. at 416-17. As such, *Safeco* does not control this case nor does it require courts to rewrite insurance policies that fail to comply with Oregon law by inserting the FRL minimums.

F&R, 6-7.

The Court reads *Safeco* differently and concludes it controls the outcome here. Like the policy here, the policy in *Safeco* did not cover permissive users who had their own automobile insurance that met or exceeded the FRL requirements. *Safeco*, 169 Or. App. at 410. Like the policy here, the *Safeco* policy covered permissive users who lacked their own automobile insurance or whose limits did not meet the FRL minimums. *Id.* The policies do not differ in any meaningful way as to how they provide coverage to permissive users. The *Safeco* court held:

> Because American Hardware's policy violates the FRL's requirement to provide minimum coverage to all permissive users of its insured's vehicles, the policy must be construed to cover Zander. Thus, to the extent that the definition of "Who Is An Insured" operates to deny coverage to Zander in the minimum amount required by the FRL, it is invalid. We conclude that the trial court erred when it ruled that Zander was not an insured and that American Hardware's policy did not violate the FRL.

*Id.* at 416 (internal citations and footnote omitted).

After concluding the permissive user, despite having his own automobile insurance in excess of the FRL minimum requirements, was "an insured" under the policy, the *Safeco* court

2 –ORDER

concluded that "*the effect of the FRL is to reform insurance policies that do not meet its requirements. Once reformation occurs*, the question becomes whether there exists on Safeco's behalf a contractual or equitable right to contribution or indemnity." *Id.* (emphasis added). As there were outstanding factual issues surrounding contribution or indemnity, the court remanded the matter back to the trial court. *Id.* at 416-17.

Judge Kasubhai believes that Plaintiff here reads *Safeco* too broadly because the *Safeco* court remanded the matter back to the trial court to address the issue of "how responsibility between the parties should be allocated." F&R, 6. But if the effect of the FLR is to reform insurance policies to meet its requirements, the remedy is created by the coverage requirements of the FLR. The *Safeco* court did not remand to decide a remedy, but rather to determine how much each side had to contribute within the FRL framework. Despite the remaining factual disputes regarding contribution or indemnity, reformation had already occurred by operation of the statute. In other words, reformation is the remedy, but it is "the effect of the FLR" that reforms the contract, not the court stepping in to rewrite what is or is not there. *Safeco*, 169 Or. App. at 416. *Safeco* is squarely on point and controls the outcome here.

The Court agrees with the F&R's assessment that:

> the Oregon Supreme Court has taken strikingly different approaches after concluding that a provision of an automobile insurance policy is unenforceable. In two cases, the court reformed the polices by inserting statutory language from the FRL statute. In other circumstances, the court removed the offending language altogether and enforced the remaining policy provisions.

F&R, 9.

However, the Court reads the different approaches to stem from whether the invalid exclusion is ambiguous or unambiguous as opposed to whether "removing the unenforceable provision results in coverage." F&R, 10. *North Pacific v. Hamilton*, 332 Or. 20 (2001) and *Wright*

3 –ORDER

*v. State Farm*, 332 Or. 1, 6 (2001) analyzed ambiguous exclusions. *Collins v. Farmers Ins. Co. of Oregon*, 312 Or. 337 (1991) *Farmers Ins. Co. of Oregon v. Mowry*, 350 Or. 686 (2011) analyzed unambiguous exclusions. *Mowry*, the most recent of the above cases, contains a discussion pointing out the difference between *Hamilton* and *Collins*:

> Defendants' argument hangs on the notion that it is inconsistent for this court to enforce an exclusion that did not accurately reflect Oregon law but to refuse to enforce an exclusion that attempted to follow the law but did so in an ambiguous manner. That perceived inconsistency, however, misses the mark. This court decided *Hamilton* based on common-law principles of insurance policy interpretation. The exclusion in that case was unenforceable because the insurer failed to draft it in a comprehensible manner. *Collins*, on the other hand, was decided based on the conflict between an unambiguous exclusion that denied all coverage for insured-versus-insured claims and the unambiguous statutory requirement for minimum coverage. Because the exclusion was lawful under ORS 742.464 but the FRL imported a minimum coverage of $25,000 into the policy, the exclusion remained effective, but only as to the excess coverage granted by the policy. Because *Hamilton* and *Collins* were decided under distinct legal theories construing differently worded exclusions, those cases do not directly conflict.

350 Or. at 702-03 (internal citations omitted).

The policy here contains an unambiguous exclusion; permissive users who have their own insurance that meets or exceeds the FRL requirements are not covered. Under *Safeco*, the policy at issue is "invalid" and "the effect of the FRL is to reform" the policy to meet the FRL minimum requirements.[1] 169 Or. App. at 416. The Oregon Supreme Court appears to have taken the position that *stare decisis* requires awarding insurance companies for providing their customers with inaccurate terms regarding the FRL. *Mowry*, 350 Or. 686, 715 ("In my view, this is a circumstance in which the need for stability and predictability in the automobile insurance industry, as well as the evidence of [the insurer's] reliance on the ruling, support adherence to *Collins* under the *stare*

---

[1] Although *Safeco* is an opinion from the Oregon Court of Appeals, the Oregon Supreme Court has held that permissive user exclusions that violate the FRL "must cover" the driver. *Viking Ins. Co. of Wisconsin v. Peterson*, 308 Or. 616, 622 (1989). The Oregon Supreme Court does not appear to limit reformation of invalid automobile insurance policies to insured-versus-insured exclusions found in *Collins* and *Mowry*.

4 –ORDER

*decisis* doctrine, even though *Collins* was wrongly decided."). Curiously, under this Court's reading of Oregon law, the more unambiguous the insurer is in stating terms that clearly violate the FRL, the less coverage the insurer will be required to provide. Given that automobile insurance policies do not typically last more than one-year, along with the fact that *Collins* is now over 30 years old, it seems the Oregon Supreme Court, or the Oregon legislature, should at some point step in and require Oregon insurers to provide policies that accurately reflect the FRL. Regardless, although this Court agrees with Justice Durham that "*Collins* was wrongly decided," it appears clear that the Oregon Supreme Court would, consistent with *Mowry* and *Collins*, conclude that the unambiguous exclusion here is (1) invalid and (2) reformed to provide coverage consistent with the FRL minimum requirements.

Plaintiff's Motion for Summary Judgment (ECF No. 31) is GRANTED. The policy at issue is reformed to provide the minimum coverage required by the FRL; i.e., $25,000 per person/$50,000 per accident for all bodily injuries arising out of the accident alleged in the underlying action. Defendants' Motion for Summary Judgment (ECF No. 37) is DENIED. Plaintiffs' Motion to Certify Question to the Oregon Supreme Court (ECF No. 39) is DENIED as moot.

IT IS SO ORDERED.

DATED this 5th day of September, 2023.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

5 –ORDER